**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALEXANDRO HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| STONE SIMPLICITY INC., | ) | Magistrate Judge |
| and DAMON REVENS, individually | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Alexandro Hernandez, through his attorneys, for his Complaint against Defendants Stone Simplicity, and Damon Revens, individually, states as follows:

## INTRODUCTION

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") for: 1) Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL, 2) Defendants' failure to pay Plaintiff earned wages for all hours worked in violation of the IWPCA, and 3) Defendants' practice of taking unlawful deductions from Plaintiff's wages in violation of the IWPCA.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

**A.**   <u>Plaintiff</u>

4.     During the course of his employment, Plaintiff:

    a.     has handled goods that move in interstate commerce;

    b.     was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS 115/2; and

    c.     resides in and is domiciled in this judicial district.

**B.**   <u>Defendants</u>

5.     Within the relevant time period, Defendant Stone Simplicity, Inc.:

    a.     has been a corporation organized under the laws of the State of Illinois;

    b.     has conducted business in Illinois and within this judicial district;

    c.     has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    d.     has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    e.     was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

6.     Within the relevant time period, Defendant Damon Revens:

    a.     has been the owner and operator of Defendant Stone Simplicity, Inc.;

    b.     among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.     operates within this judicial district and within the state of Illinois; and

    d.     was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## FACTUAL BACKGROUND

7.     Defendant Damon Revens owns and operates Stone Simplicity, Inc., located at 5528 W. Henderson Street in Chicago, Illinois.

8.     Since approximately September 2015 until approximately January 30, 2016, Plaintiff was employed by Defendants at Defendants' remodeling business.

9.     Within three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but paid Plaintiff at a straight time rate for all hours worked and did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

10.     Within the three (3) years prior to Plaintiff filing this Complaint, Defendants failed to pay Plaintiff at one and a half times his regular rate of pay for all hours worked in excess of forty (40) in individual work weeks.

3

11. Defendants' failure to compensate Plaintiff at time and a half his regular rate resulted in violations of the overtime requirements of the FLSA and the IMWL.

12. For approximately Plaintiff's last seven (7) weeks of employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked at his agreed-upon rate

13. Defendants' failure to compensate Plaintiff at the agreed-upon rate for any of his hours worked, as described above, resulted in violation of the IWPCA.

14. During the relevant time period, Defendants had a practice of making unlawful deductions from Plaintiff's wages. For example, Defendants deducted the cost of the company's insurance policy from Plaintiff's wages without his written authorization at the time of the deduction.

15. Defendants' unlawful deductions from Plaintiff's earned wages resulted in a violation of the IWPCA.

## COUNT I
## Violation of the FLSA – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 15 as though set forth herein.

16. This Count arises from the Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all the time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraph 9-11, *supra*.

17. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

18. Plaintiff was not exempt from the overtime provisions of the FLSA.

19.     Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

20.     Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

21.     Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours is a violation of the FLSA.

22.     Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week is a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.     A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

b.     Liquidated damages in the amount equal to the unpaid overtime wages;

c.     That the Court declare that the Defendants violated the FLSA;

d.     That the Court enjoin the Defendants from violating the FLSA;

e.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

f.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the IMWL – Overtime Wages**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though set forth herein.

Case: 1:16-cv-09530 Document #: 1 Filed: 10/06/16 Page 6 of 9 PageID #:6

23.     This Count arises from the Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in an individual work week, described more fully in paragraph 9-11, *supra*.

24.     Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

25.     Plaintiff was not exempt from the overtime provisions of the IMWL.

26.     Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

27.     Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

28.     Defendants' failure to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours is a violation of the IMWL.

29.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.      A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, as provided by the IMWL;

b.      Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

c.      That the Court declare that Defendants have violated the IMWL;

d.      That the Court enjoin Defendants from violating the IMWL;

e.      Reasonable attorneys; fees and costs as provided by the IWML, 820 ILCS 105/1 *et seq.*; and

6

f.      Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the IWPCA – Unpaid Wages**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 29 as though set forth herein.

30.     This Count arises from Defendants' violation of the IWPCA for Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraph 12-13, *supra*.

31.     During the course of Plaintiff's employment with Defendants, the parties had an agreement that the Defendants would compensate Plaintiff at the agreed-upon rate for all time worked.

32.     Defendants did not compensate Plaintiff at the agreed-upon rate for all time worked.

33.     Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed-upon by the parties.

34.     Defendants' failure to compensate Plaintiff for all time worked at the rate agreed-upon by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.      A judgment in the amount of unpaid earned wages for all time worked by Plaintiff, as provided by the IWPCA;

b.      Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/14;

c.      That the Court declare that the Defendants have violated the IWPCA;

d.      That the Court enjoin the Defendants from violating the IWPCA;

e.     Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/14(a); and

f.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the IWPCA – Unlawful Deductions**

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 34 of this Complaint, as though set forth herein.

35.     This Count arises from Defendants' practice of making unlawful deductions from Plaintiff's earned wages, as described more fully in paragraphs 14-15, *supra*.

36.     During the course of his employment with Defendants, Plaintiff has an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

37.     Defendants had a practice of making unlawful deductions from Plaintiff's earned wages without authorization from Plaintiff in writing as required by the IWPCA. Such deductions: (a) were not required by law; (b) were not to Plaintiff's benefit; (c) were not in response to a valid wage assignment or wage deduction order; and (d) were not made with the express written consent of Plaintiff, given freely at the time the deductions were made.

38.     Defendants' practice of making unlawful deductions from Plaintiff's earned wages violated the IWPCA.

39.     Plaintiff is entitled to recover all unlawful deductions made from his earned wages for a period of ten (10) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a.     A judgment in the amount of all unpaid wages due Plaintiff as provided by the IWPCA;

b.     Statutory damages as provided by the IWPCA;

8

c.      That the Court declare that Defendants have violated the IWPCA;

d.      That the Court enjoin Defendants from violating the IWPCA;

e.      Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

f.      Such other and further relief as this Court deems appropriate and just.

Dated: October 6, 2016                  Respectfully submitted,

<u>s/Lydia Colunga-Merchant</u>
Lydia Colunga-Merchant
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, Illinois 60602
(312) 795-9115

Attorney for Plaintiff