IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRO HERNANDEZ, LUIS LANZA, SANTOS GARCIA, and YOSTIN GARCIA, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16 CV 9530 |
| v. | ) ) | Judge Amy J. St. Eve |
| STONE SIMPLICITY INC., and DAMON REVELS, individually | ) ) ) ) | Magistrate Judge Susan Cox |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT**

### I.  Introduction

This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and the Illinois Employee Classification Act, 820 ILCS 185/1 *et seq.* ("ECA") for: 1) Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL; 2) Defendants' failure to pay Plaintiffs earned wages for all hours worked in violation of the IWPCA; 3) practice of taking unlawful deductions from Plaintiffs' wages without Plaintiffs' express written authorization in violation of the IWPCA; and (4) misclassification of Plaintiffs as "independent contractors" in violation of the ECA.

On March 17, 2017, the Parties went to a settlement conference and came to a tentative agreement. On April 24, 2017, the Parties began to negotiate the remaining material terms and provisions of their agreement. On May 10, 2017, Plaintiffs' counsel sent Defendants' counsel Plaintiffs' executed and signed settlement agreement. Since there was a settlement agreement

made by the Parties, Plaintiffs ask that this Court enforce the agreement and enter a judgment against Defendants as jointly and severally liable to Plaintiffs for the amounts specified in the settlement agreement. In support of their motion, Plaintiffs submit their Memorandum, and state as follows:

## II.     Background

Plaintiffs filed this suit on October 10, 2016, for FLSA, IMWL, IWPCA and ECA violations. On March 17, 2017, the Parties participated in a settlement conference with assistance from this Court. Defendant Damon Revels, on behalf of himself and Defendant Stone Simplicity, Inc., (hereinafter "Defendants") was present, along with his counsel, Kenneth Henry. Plaintiffs and their counsels were also present.

At the conclusion of the settlement conference, the Parties reached a tentative agreement. *See* March 17, 2017, Settlement Conference Notes before this Court, attached hereto as Exhibit A. All parties and their counsels signed the tentative agreement. On April, 24, 2017, Plaintiffs' counsel sent Defendants' counsel a settlement agreement draft, and the Parties began negotiating the remaining terms and conditions. *See* Plaintiffs' counsel's email correspondence with Defendants counsel from April 24 to May 3, attached hereto as Exhibit B. On May 3, 2017, Plaintiffs sent a final draft of the Parties' settlement agreement, which Defendants' counsel agreed to orally on May 4, 2017, before the Parties' status.

Following the oral agreement, on May 10, 2017, Plaintiffs' counsel e-mailed Defendants' counsel Plaintiffs' fully executed settlement agreement, which Defendants' counsel confirmed that he had received. *See* e-mail correspondence between Plaintiffs and Defendants' counsels from May 10-16, 2017, with executed settlement agreement signed by Plaintiffs, attached hereto as Exhibit C. Per the settlement agreement, Plaintiffs' counsel notified Defendants when they

had breached the agreement by failing to pay the first two installments of the payment plan. *See* E-mail from Plaintiffs' counsel informing Defendants' counsel about a breach of agreement, attached hereto as Exhibit D. Before the Parties status on May 22, 2017 in front of Judge St. Eve, Defendants informed Plaintiffs that Defendants would be unable to fulfill the settlement.

### III.   Argument

This Court should find that the Parties made an enforceable settlement agreement. Settlement between parties of disputed claims is encouraged and favored by the courts and are given full force and effect. Zagone v. Bosques, 2004 U.S. Dist. LEXIS 640. Public policy in Illinois favors settlements and dictates that, absent fraud or duress, settlements should be final. Pritchett v. Asbestos Claims Management Corp., 773 N.E.2d 1277, 1285 (2002). The settlement of a federal claim is enforced just like any other contract under the state law of contracts. Dillard v. Starcon Int'l, 483 F.3d 502, 508 (7th Cir. 2007). A contract "is sufficiently definite and certain to be enforceable if the court is enabled from the terms and provisions there . . . to ascertain what the parties have agreed to do." Academy Chicago Publishers v. Cheever, 144 Ill.2d 24, 29 (1991).

Furthermore, in Illinois, an oral agreement to settle a lawsuit is enforceable if "there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms and agreement." Dillard v. Starcon Int'l, 483 F.3d 502, 507 (7th Cir. 2007). A meeting of the minds is determined by the parties' objective conduct, rather than through their subjective beliefs. Paxton-Buckley-Loda Educ. Ass'n, IEA-NEA v. Ill. Educ. Labor Relations Bd., 710 N.E.2d 538, 544 (Ill. App. Ct. 4th Dist., 1999). Lastly, a complaint to enforce the compromise and settlement of a claim must have an agreement to pay an amount, acceptance of the agreement in settlement of the claim, and that the agreement was concluded by claimant's

execution of or willingness to execute a release. Thornberry v. Board of Education, 8 Ill.App.3d 351, 354 (1972).

In Zagone, the court granted the defendants' motion to dismiss because a settlement had been reached by the parties, and therefore was enforceable. Zagone v. Bosques, 2004 U.S. Dist. LEXIS 640 (2004) The parties were involved in a car accident. Id. Through their representatives, the parties negotiated a settlement for all claims, and the plaintiff signed a release. Id. After the agreement had been reached, the plaintiff's insurance carrier claimed that their adjuster had mistakenly informed plaintiff's attorney that she has the authority to settle the case, and argued that no agreement had been made. Id. The court held that because negotiations had occurred between the parties' representatives, resulting in an offer and acceptance of a settlement, culminating with the plaintiff signing a release, an agreement was made and therefore was enforceable. Id.

This case is instanter to Zagone. In this instance, every aspect needed to prove whether an agreement occurred has been met. The Parties came to a tentative agreement at the conclusion of their settlement conference. *See* Exhibit A. The Parties then negotiated all the material terms and provisions, and a meeting of the minds occurred when Plaintiffs sent Defendants a finalized draft on May 3, 2017, and Defendants' counsel gave his oral acceptance on May 4, 2017.

The settlement agreement was then finalized when Plaintiffs' counsel sent Defendants' counsel a copy of Plaintiffs' fully executed and signed agreement. *See* Exhibit C. Like Zagone, an offer and acceptance was made here, a meeting of the minds occurred, and a release was executed by Plaintiffs. It is clear that an agreement was made, and it is also clear that the Defendants breached it. Therefore, this Court should enforce the settlement agreement that the Parties made.

**IV.     Conclusion**

The Parties came to a tentative agreement at the settlement conference held in this Court. A meeting of the minds occurred when the Parties agreed to a finalized version of the settlement agreement, and that agreement was put into effect when Plaintiffs executed it and sent it to Defendants. Therefore, for the foregoing reasons, Plaintiffs respectfully request that this Court enter a judgment in favor of Plaintiffs and against Defendants Stone Simplicity, Inc., and Damon Revels, in the amount contained in the settlement agreement.

Respectfully submitted,

Dated: June 20, 2017

s/Javier Castro
Javier Castro
Lydia Colunga-Merchant
Raise the Floor Alliance – Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, IL 60602
(312) 795-9115

*Plaintiffs' Attorneys*